# Exhibit 1

ELECTRONICALLY FILED - 2018 Apr 23 10:08 AM - SPARTANBURG - COMMON PLEAS - CASE#2018CP4201358

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FOR THE SEVENTH CIRCUIT |
| COUNTY OF SPARTANBURG | Case No. 2018-CP-42- |

| | |
|---|---|
| Shirley Gary, | C/A No.: 4:17-cv-03159-RBH-TER |
| Plaintiff, | |
| | **SUMMONS** |
| v. | |
| Hayssen Flexible Systems, Inc. | |
| Defendant. | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty-five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

**CROMER BABB PORTER & HICKS, LLC**

BY:    s/J. Paul Porter
    J. Paul Porter (#100723)
    1418 Laurel Street, Suite A (29201)
    Post Office Box 11675
    Columbia, South Carolina 29211
    Phone  803-799-9530
    Fax     803-799-9533
*Attorneys for Plaintiff*

April 23, 2018
Columbia, South Carolina

ELECTRONICALLY FILED - 2018 Apr 23 10:08 AM - SPARTANBURG - COMMON PLEAS - CASE#2018CP4201358

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | FOR THE SEVENTH CIRCUIT<br>Case No. 2018-CP-42- |

| | |
|---|---|
| Shirley Gary,<br><br>        Plaintiff,<br><br>v.<br><br>Hayssen Flexible Systems, Inc.<br><br>        Defendant. | C/A No.: 4:17-cv-03159-RBH-TER<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

<u>EMPLOYMENT CASE</u>

The Plaintiff complaining of the Defendant respectfully alleges as follows.

<u>PARTIES AND JURISDICTION</u>

1. Plaintiff, Shirley Gary, is a citizen and resident of Laurens County, South Carolina.

2. Defendant Hayssen Flexible Systems is Missouri Corporation doing business in Spartanburg, South Carolina where it employed the Plaintiff for 21 years.

3. This action alleges retaliation, race discrimination, and sex discrimination under Title VII of the Civil Rights Act of 1964 as amended (and the Age Discrimination in Employment Act with respect to retaliation), a violation of the Equal Pay Act, and defamation.

4. Defendant employs enough people to be subject to suit under Title VII and the Equal Pay Act.

5. Plaintiff filed charges with the Equal Employment Opportunity Commission and South Carolina Human Affairs Commission alleging race discrimination, sex discrimination, age discrimination, violation of the equal pay act, and retaliation.

6. Plaintiff received her federal right to sue letters on her charges and files this action within 90 days of receiving those right to sue letters.

7. The actions and events giving rise to this claim occurred in Spartanburg County, the parties have sufficient connections to Spartanburg County, and this Court can exercise jurisdiction over these claims.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by Defendant in March 1996 as a technician.

9. Defendant promoted Plaintiff three times during her employment. Plaintiff was first promoted to customer service representative in 1996. Plaintiff was next promoted to junior buyer in 2001. Plaintiff was last promoted to Warehouse Supervisor in December 2003.

10. Plaintiff received annual performance evaluations. Those evaluations consistently reflected that she met or exceeded the performance expectations of Defendants.

11. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on September 26, 2016 alleging race and sex discrimination with respect to being denied promotions arising out of Defendants shift to a "Value-stream" Leadership Organization.

12. Plaintiff observed that her work conditions worsened approximately two months after she filed her initial charge of discrimination against the Defendant.

13. Such conditions included: unreasonable assignments, a negative shift in attitude toward Plaintiff from both her supervisor and a human resources employee, and arbitrarily delayed hires to fully staff Plaintiff's department.

14. Defendant claims it received notice of Plaintiff's initial charge on November 7, 2016.

ELECTRONICALLY FILED - 2018 Apr 23 10:08 AM - SPARTANBURG - COMMON PLEAS - CASE#2018CP4201358

15. The date Defendant claims it received notice of Plaintiff's initial charge corresponds with the timeframe when Plaintiff's work conditions worsened.

16. Plaintiff amended that charge on April 6, 2017 to include retaliation with respect to the disparate treatment she experienced and an equal pay act violation with respect to preferential pay to Plaintiff's white male comparators.

17. Plaintiff received her first ever disciplinary action April 18, 2017 which was the culmination of general disparate treatment and interference Plaintiff had received from her supervisors after Defendant was placed on notice of her initial charge of discrimination.

18. That write-up falsely claimed that Plaintiff engaged in unacceptable performance. The written discipline was subjective in nature and falsely accused Plaintiff of deficiencies that were related to issues outside of her control (such accusations about turnover) or did not allude to specific occurrences (such as accusations about interactions with coworkers and subordinates and issues with Defendant's safety policies).

19. The disciplinary action was, upon information and belief, manufactured with explicit purpose of retaliating against Plaintiff and beginning to form a pretext for further discipline up to and including her ultimate termination.

20. Defendant insisted that she sign the write-up in order to remain employed and to affirm that she received and understood it.

21. Plaintiff did so, but also wrote that she disagreed with the write-up.

22. Because Plaintiff justifiably expressed her disagreement, she was suspended on the asserted basis that she needed to explain her disagreement before she could return to work.

23. Defendant burned Plaintiff's vacation days during this period without her knowledge.

24. Defendant, through its human resources director, told Plaintiff that she would have a meeting on April 21, 2017 to discuss the write-up. Plaintiff went to Defendant's offices; however, the human resources official sent Plaintiff back home subjectivity claiming that she had not sufficiently explained her disagreement with the write-up.

25. The human resources official next stated that she would call Plaintiff on April 23, 2017 to let her know when she could come back to work. The human resources official did not call Plaintiff that day or in the following days.

26. Plaintiff, through the undersigned counsel, sent the Defendant a letter on April 28, 2017 alleging that the April 18th disciplinary action and her treatment were discriminatory and retaliatory.

27. Plaintiff was next allowed to return to work on May 4, 2017, but only on the condition that she prepare a statement explaining how she would improve with respect to the Defendant's perceived deficiencies.

28. Plaintiff, having no other option, executed a statement which maintained that the deficiencies were perceived, but also stating she would do her best in continuing her position.

29. Defendant, through senior level officials including the human resources official referenced above, next terminated Plaintiff on May 22, 2017 on the asserted basis that she had not shown "immediate improvement."

30. Plaintiff's termination, her disciplinary action, and the other disparate treatment described above was carried out on false and pretextual grounds by the Defendant.

4

ELECTRONICALLY FILED - 2018 Apr 23 10:08 AM - SPARTANBURG - COMMON PLEAS - CASE#2018CP4201358

31. Defendant, in responding to Plaintiff's charge, negligently or intentionally exceeded the scope of a reasonable investigation approaching upwards of 15 employees who it wrongfully encouraged to give only negative criticism of the Plaintiff; thus, defaming Plaintiff after her wrongful termination.

32. Defendant also further defamed Plaintiff when it later forwarded an email tending to insinuate that Plaintiff had made hiring and firing decisions based on personal, non-job-related factors to unprivileged recipients.

## FIRST CAUSE OF ACTION
Retaliation

33. Plaintiff realleges the foregoing where consistent.

34. Plaintiff filed charges of race, sex, and age discrimination with the appropriate administrative authorities.

35. Plaintiff, through her counsel, submitted a letter to Defendant on April 28, 2017, describing adverse actions and a hostile work environment based on perceived discrimination in the work place.

36. The above constitutes protected activity under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

37. Defendant, and specifically the decision makers with respect to Plaintiff's termination, discipline, and hostile treatment, knew about Plaintiff's protected activity.

38. Plaintiff was frivolously disciplined, terminated, and encountered hostility at work based on her protected activity.

39. Retaliation is indicated by temporal proximity, pretext, a prior positive performance record, and other evidence of retaliatory animus.

40. The same constitutes retaliation in violation of Title VII and the ADEA respectively for which the Defendant is liable.

41. Plaintiff is entitled to damages, proximately and directly, caused by the Defendant for retaliation, including (but not limited to) back pay, front pay, diminished earning capacity, pain and suffering, reputational loss, stress and anxiety, and emotional distress. Plaintiff is also entitled reasonable attorney fees and costs pursuant to state and federal law, equitable relief including the reinstatement, and pre-judgment interest.

42. Defendant's retaliation was intentional, and Plaintiff is also entitled to punitive damages.

## SECOND CAUSE OF ACTION
Race Discrimination

43. Plaintiff realleges the foregoing where consistent.

44. Plaintiff was denied promotions, paid less, disciplined, encountered hostility in the work place, and was terminated.

45. The above constitutes adverse actions made actionable by Title VII.

46. Plaintiff was qualified for her job and the promotions she sought.

47. Plaintiff met the legitimate expectations of her job.

48. The adverse actions listed above were motivated by Plaintiff's race.

49. Race discrimination is indicated by pretext, a prior positive performance record, and other evidence of race discrimination.

50. Defendant is liable for the race discrimination described here.

51. For the discrimination described herein, the Defendant is liable to the Plaintiff for back pay, front pay, back benefits, front benefits, lost wages, lost earning capacity, pain and suffering, humiliation, embarrassment, reputational loss, stress and anxiety. Plaintiff is also entitled to the reasonable attorney fees and costs of this action, prejudgment interest on all damages sought, and reinstatement.

ELECTRONICALLY FILED - 2018 Apr 23 10:08 AM - SPARTANBURG - COMMON PLEAS - CASE#2018CP4201358

52. Defendants' race discrimination was intentional, and Plaintiff is entitled to punitive damages.

### THIRD CAUSE OF ACTION
Sex Discrimination

53. Plaintiff realleges the foregoing where consistent.

54. Plaintiff was denied promotions, paid less, disciplined, encountered hostility in the work place, and was terminated.

55. The above constitutes adverse actions made actionable by Title VII.

56. Plaintiff was qualified for her job and the promotions she sought.

57. Plaintiff met the legitimate expectations of her job.

58. The adverse actions listed above were motivated by Plaintiff's sex.

59. Sex discrimination is indicated by pretext, a prior positive performance record, and other evidence of sex discrimination.

60. Defendant is liable for the sex discrimination described here.

61. For the discrimination described herein, the Defendant is liable to the Plaintiff for back pay, front pay, back benefits, front benefits, lost wages, lost earning capacity, pain and suffering, humiliation, embarrassment, reputational loss, stress and anxiety. Plaintiff is also entitled to the reasonable attorney fees and costs of this action, prejudgment interest on all damages sought, and reinstatement.

62. Defendants' sex discrimination was intentional, and Plaintiff is entitled to punitive damages.

### FOURTH CAUSE OF ACTION
Violation of the Equal Pay Act

63. Plaintiff realleges the foregoing where consistent.

ELECTRONICALLY FILED - 2018 Apr 23 10:08 AM - SPARTANBURG - COMMON PLEAS - CASE#2018CP4201358

64. Plaintiff was paid less for equal work (requiring equal skill, effort, and responsibility) than similarly situated males.

65. Defendant does not have a seniority, merit, or quality/quantity system of compensation.

66. The disparate pay discussed herein was not made on factors other than sex.

67. The disparate pay described herein violates the equal pay act.

68. The Defendant is liable to the Plaintiff for the willful violation of the Equal Pay Act alleged herein and damages caused thereby including, (but not limited to,) the amount of underpayment for the three years before the date the lawsuit is filed through the date of the verdict and an additional equal amount as liquidated damages. Plaintiff also requests pre-judgment interest and attorney's fees and costs of this action. Plaintiff last requests equitable relief including a correction to the underpayment at issue.

**FIFTH CAUSE OF ACTION**
Defamation

69. Plaintiff realleges the foregoing where consistent.

70. Defendant, responding to Plaintiff's charge, exceeded the scope of a reasonable investigation approaching upwards of 15 employees who it wrongfully encouraged to give only negative criticism of the Plaintiff; thus, defaming Plaintiff after her wrongful termination.

71. Defendant also further defamed Plaintiff when it later forwarded an email tending to insinuate that Plaintiff had made hiring and firing decisions based on personal, non-job-related factors to unprivileged recipients.

72. Plaintiff can and will provide the names of the unprivileged persons to whom the Defendant published the defamatory statements described in the above paragraphs in

8

response to appropriately tailored, proportional discovery requests. Plaintiff withholds witness names from this publicly accessible Complaint to protect privacy.

73. The statements above were overtly false in that they criticized Plaintiff for unfitness in her job or, at least, gave rise to recklessly fostered insinuations of professional unfitness.

74. The statements above caused Plaintiff special harm lessening her standing amongst her professional peers and/or were *per se* actionable.

75. The statements above caused Plaintiff other damages for which the Defendant is liable including reputational loss, lost goodwill, diminished earning capacity, shock, humiliation, embarrassment, and emotional pain and suffering.

76. Defendant's defamation was intentional, and Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

Plaintiff requests a jury trial on all claims. Plaintiff requests that jury award, as it deems reasonable, all damages she seeks on the above claims, and the Court grant her all other equitable relief it deems just and necessary including reinstatement or front pay. Plaintiff last requests punitive damages, pre-judgment interest, attorney fees, and costs.

Respectfully Submitted,

**CROMER BABB PORTER & HICKS, LLC**

BY:   s/J. Paul Porter
J. Paul Porter (#100723)
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax     803-799-9533
*Attorneys for Plaintiff*

April 23, 2018
Columbia, South Carolina

9